1   DAN HARTSFIELD (SBN 0917088)
    KATRIN U. SCHATZ (TBN 00796284)
2   (*Admitted Pro Hac Vice*)
    JACKSON LEWIS P.C.
3   500 N. Akard, Suite 2500
    Dallas, TX 75201
4   Telephone:    214.520.2400
    Facsimile:    214.520.2008
5   Email:    dan.hartsfield@jacksonlewis.com
              schatzk@jacksonlewis.com
6
    MITCHELL F. BOOMER (SBN 121441)
7   REBECCA BENHURI (SBN 209443)
    JACKSON LEWIS P.C.
8   50 California Street, 9th Floor
    San Francisco, CA 94111
9   Telephone:    415.394.9400
    Facsimile:    415.394.9401
10  Email:    boomerm@jacksonlewis.com
              benhurir@jacksonlewis.com
11
    ATTORNEYS FOR DEFENDANT
12  NEIMAN MARCUS GROUP, INC.

13

14                  UNITED STATES DISTRICT COURT

15      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

16
    TAYLER BAYER,                        Case No. 3:13-CV-04487-MEJ
17
                                         **DEFENDANT'S REPLY STATEMENT OF**
18              Plaintiff,               **FACTS AND OBJECTIONS IN SUPPORT**
                                         **OF DEFENDANT'S MOTION FOR**
19                                       **SUMMARY JUDGMENT**
20      v.                               HEARING: August 28, 2014
                                         Time:    10:00 a.m.
21  NEIMAN MARCUS GROUP, INC.,           Judge:   Hon. Maria-Elena James
                                         Courtroom B, 15th Floor
22
                Defendant.               Complaint Filed: September 27, 2013
23                                       Trial Date:    January 12, 2015

24

25          Defendant The Neiman Marcus Group LLC, f/k/a Neiman Marcus Group, Inc. ("NMG")

26  submits its Objections and Reply Statement of Facts in Support of Defendant's Motion for

27  Summary Judgment.

28

                                         1                    Case No.  3:13-CV-04487-MEJ

1

## REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

2

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| 1. Bayer was employed by Neiman Marcus between approximately March 2006 and January 2009. *Bayer Decl. ¶2* | Undisputed. |
| 2. Neiman Marcus operates a chain of retail department stores and is headquartered in Texas. *Bayer Decl. ¶2; Answer to Complaint ¶5 (attached as Ex. 3 to Plaintiff's Request for Judicial Notice) (hereafter "Answer").* | Undisputed. |
| 3. Throughout his employment with Neiman Marcus, Bayer was a resident of San Francisco and worked in Neiman Marcus's downtown San Francisco store. *Bayer Decl. ¶2* | Undisputed. |
| 4. Neiman Marcus employees who worked an average of at least 30 hours per week were considered "full time" and were eligible to receive certain benefits, including medical insurance. *Bayer Decl. ¶3; Answer ¶7; Deposition of Nina Kern, 14:9-21, attached as Ex. J to Declaration of Cliff Palefsky in Opposition to Defendant's Motion for Summary Judgment (hereafter "Kern Depo.")* | Undisputed. |
| 5. Between March 2006 and March 2007, Bayer regularly worked five six-hour shifts per week. As of March 2007, based on his 30 hour per week work schedule, Bayer was eligible to receive certain "full time" benefits, including medical insurance. *Bayer Decl. ¶3; Answer ¶8.* | Undisputed that Bayer worked on average five six-hour shifts per week, and was eligible for certain benefits, in which he elected not to participate; disputed that Bayer worked a 30-hour schedule once placed on medical leave. *Bayer Decl. ¶ 4.*<br><br>**Objection:** Relevance.   FRE 401, 403. |
| 6. In March 2007, Bayer was placed on medical leave by his doctor due to respiratory problems. Bayer was diagnosed as suffering from emphysema and remained on leave through May 2007. *Bayer Decl. ¶4; Ex. A to Bayer Decl.* | Undisputed that Bayer was placed on medical leave and remained on leave through May 2007. Disputed that Bayer Declaration Exhibit A reflects anything more than a statement that symptoms were consistent with a *preliminary* diagnosis of emphysema. *Bayer Decl. Ex. A.*<br><br>**Objection:** Hearsay.  FRE 802.  Best evidence.  FRE 1002. |

2

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| 7.   In late May 2007, Bayer's doctor authorized Bayer to return to work at the start of June 2007, subject to certain restrictions related to his medical condition. *Bayer Decl. ¶¶4, 5; Ex. B to Bayer Decl.* | Undisputed. |
| 8.   Bayer's doctor wrote two letters (dated May 30, 2007 and June 8, 2007) describing Bayer's work restrictions. These work restrictions included that Bayer could not work more than four days per week, although he was permitted to work an eight-hour shift each day, and that Bayer had to use a walking cane at all times. *Bayer Decl. ¶4; Exs. B, C to Bayer Decl.* | Disputed but not material to this motion.   On May 30, 2007, Bayer's doctor restricted him to work no more than four consecutive days and to use a walking cane at all times, along with other restrictions.   On June 8, 2007, Bayer's doctor stated that Bayer could not work more than four 8-hour days per week for six months. *Bayer Decl. Exs. B and C.*<br><br>**Objection:** Hearsay.  FRE 802.  Best evidence.  FRE 1002. |
| 9.   Bayer returned to work at the start of June 2007, gave Neiman Marcus the letters from his doctor, and informed Neiman Marcus of his work restrictions. *Bayer Decl. ¶5.* | Undisputed. |
| 10. Bayer requested an accommodation for his medical condition that would allow him to continue working 30 hours per week and would be consistent with his doctor's work restrictions. On or about June 8, 2007, Bayer asked Neiman Marcus to modify his 30 hour work schedule from five six-hour shifts to four seven-and-a-half-hour shifts per week. *Bayer Decl. ¶5.* | Undisputed that in June 2007, Bayer inquired about working more than six hours per day.<br><br>Disputed, but not material to this motion, that Bayer's inquiry was a request for accommodation under the ADA.<br><br>**Objection:** Legal conclusion.   FRE 701. |
| 11. On or about June 8, 2007, Neiman Marcus informed Bayer that it would not modify his schedule in the manner Bayer had requested. Neiman Marcus informed Bayer that he would be working 24 hours per week, based on a schedule of four six-hour days. *Bayer Decl. ¶5.* | Disputed but not material to this motion. NMG accommodated Bayer by allowing him to work four six-hour days per week and to take the fifth day as intermittent FMLA leave. Undisputed that NMG informed Bayer it could not increase his shift hours above six. *Declaration of Nina Kern ("Kern Decl.") ¶ 5.* |
| 12. The reduction of Bayer's work hours from 30 hours per week to 24 hours made Bayer no longer eligible for "full time" benefits including medical insurance. | Disputed but not material to this motion. *Kern Decl. ¶ 5; 29 C.F.R. § 825.209 (requiring continuation of health care* |

3                                      Case No.  3:13-CV-04487-MEJ

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| *Bayer Decl. ¶¶3, 5.* | *during any period of FMLA leave).*<br><br>**Objections:** Relevance.  FRE 401, 403.   Lack of foundation, legal conclusion. FRE 602, 701. |
| 13. On June 20, 2007, Bayer filed an administrative complaint against Neiman Marcus with the Equal Employment Opportunity Commission ("EEOC"), alleging that Neiman Marcus had violated the Americans with Disabilities Act by denying him reasonable accommodation for his disability/medical condition ("EEOC Charge #1*).*<br>*Bayer Decl. ¶6; Ex. D to Bayer Decl.* | Undisputed. |
| 14. Bayer wanted the EEOC to investigate his claim before he filed a civil lawsuit in federal court against Neiman Marcus for violation of the ADA.<br>*Bayer Decl. ¶6.* | Disputed but not material to this motion.  NMG cannot independently verify Bayer's subjective desire. However, Bayer has presented no evidence that he communicated this desire to the EEOC or anyone else. Undisputed that the ADA requires exhaustion of administrative remedies by filing a charge of discrimination with the EEOC, and that the agency investigates charges.<br><br>**Objection:** Relevance.   FRE 401, 403.  Lack of foundation.  FRE 602. |
| 15. On June 20, 2007, Bayer received in the mail a series of documents from Neiman Marcus relating to Neiman Marcus's new dispute resolution program, which included the "The Neiman Marcus Group, Inc. Mandatory Arbitration Agreement" ("Arbitration Agreement"), an "Arbitration Agreement Acknowledgement Form" ("Acknowledgment Form") which was attached to the Arbitration Agreement; a document titled "NMG Resolutions: A 4-Step Process" ("NMG 4-Step"); and a set of "Frequently Asked Questions" ("FAQ's") relating to the Arbitration Agreement.<br>*Bayer Decl. ¶7; Exs. E, F, G and H to Bayer Decl.* | Disputed (but not material) as to the precise date of receipt, but undisputed that Bayer received the full set of materials no later than June 20, 2007. NMG mailed a packet to employees on June 11, 2007, containing the identified forms, accompanied by a memorandum from Tony Bangs and Marita O'Dea notifying employees that NMG was implementing a new dispute resolution process and mandatory arbitration agreement. Bayer admits receiving the memorandum before June 20, 2007. In addition, the FAQs contained in the packet relate to each step of the NMG Resolutions process, not merely arbitration.<br>*Kern Decl. ¶ 9; Exs. 1-5 to Kern Decl.; Bayer Decl. ¶ 7.* |

Case No.  3:13-CV-04487-MEJ

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| 16. Neiman Marcus's Arbitration Agreement, by its terms, was scheduled to go into effect on July 15, 2007. *Bayer Decl. ¶7; Exs. E-I to Bayer Decl.* | Undisputed. |
| 17. The Acknowledgment Form that accompanied the Arbitration Agreement asked the employee to "complete this acknowledgment form and return it to your Human Resources Office." The Acknowledgment Form stated that by signing the form, the employee acknowledged that he or she understood that the Arbitration Agreement "requires me to submit all complaints, disputes and legal claims ("Disputes") I have against the Company . . . to binding arbitration. . . . I understand that the Arbitration Agreement means both I and the Company are waiving the right to a trial by jury or to a trial before a judge in a court of law on all Disputes.  Instead, all Disputes must be submitted to final and binding arbitration; I understand that the Arbitration Agreement is not optional.  Rather, it is mandatory and a condition and term of my employment if I am employed or continue employment on or after July 15, 2007." *Bayer Decl. ¶7; Ex. F to Bayer Decl.* | Disputed that the excerpted language constitutes a complete and accurate representation of the contents of the Acknowledgment Form, in that it misleadingly omits material passages. *Bayer Decl. Ex. F; Kern Decl. Ex. 5.*  **Objections:**  Rule of optional completeness.  FRE 106.  Best evidence. FRE 1002. |
| 18. The Arbitration Agreement stated in part: "The Mandatory Arbitration Agreement means both you and the Company are waiving the right to a trial by jury or to a trial before a judge in a court of law on all disputes.  Instead, all disputes must be submitted to final and binding arbitration.  This agreement for mandatory arbitration is not optional.  It is mandatory and a condition and term of your employment.  If you are an employee on or after July 15, 2007, which is the effective date of this agreement (the "Effective Date"), you are deemed to have accepted and agreed to the mandatory arbitration agreement by coming to work after that date." The Arbitration Agreement also stated: "Each covered employee's employment or continued employment with the Company after the Effective Date constitutes assent, acceptance, consent and consideration for this Agreement to arbitrate, both during the time of employment and after termination of employment." | Undisputed. |

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| *Bayer Decl. ¶7; Ex. E to Bayer Decl. (Cover Sheet and Introductory Paragraph).* | |
| 19. The document titled "Frequently Asked Questions" which Bayer received on approximately June 20, 2007 stated in part, "**Can I refuse the Arbitration Agreement and continue working for the Company? No**. If you accept employment with the Company or continue your employment with the Company on or after July 15, 2007, you will be deemed to have accepted the terms and conditions of the Arbitration Agreement . . . " *Bayer Decl. ¶7; Ex. H to Bayer Decl. at 4.* | Undisputed. |
| 20. Based on the language of the Arbitration Agreement and the accompanying documents he received on June 20, 2007, it was Bayer's understanding that he could not continue as an employee of Neiman Marcus after July 14, 2007 unless he consented to be bound by the Arbitration Agreement. *Bayer Decl. ¶¶7, 8, 15; Exs. E-I to Bayer Decl.; Kern Depo. 13:21-24; 17:19-18:4; 46:6-48:8.* | Disputed but not material. NMG does not dispute that it would have been reasonable for Bayer to understand that his continued employment would be considered to constitute his consent to be bound by the Arbitration Agreement. To the extent ¶ 20 is intended to convey a different understanding, NMG disputes that such an understanding was reasonable. Bayer's subjective belief is not evidence. *Kern Decl. Exs. 1-5; Deposition of Tayler Bayer ("Bayer Depo.") 55:13-56:1 (attached as Exhibit A to the Declaration of Katrin Schatz ("Schatz Decl.")).*<br><br>**Objections:** Speculation and lack of foundation. FRE 602. Best evidence. FRE 1002. The language of the Arbitration Agreement and accompanying documents speaks for itself. |
| 21. Bayer believed that, under the terms of the Arbitration Agreement, once he received a right-to-sue letter from the EEOC in connection with his EEOC Charge #1, he would be required to pursue his claim for violation of the ADA against Neiman Marcus in arbitration, rather than in court. *Bayer Decl. ¶9; Ex. E to Bayer Decl., (Par. 3).* | Disputed that NMG required Bayer to arbitrate his claim based on EEOC Charge #1 in arbitration, or that anyone told Bayer this was the case. Bayer's subjective belief is not evidence. Dispute is not material. *Bayer Decl. ¶17; Plaintiff's Request for Judicial Notice, Item No. 1.*<br><br>**Objections:** Best evidence. The Arbitration Agreement speaks for itself. FRE 1002. Speculation and lack of foundation. FRE 602. |

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| 22. Bayer believed that the Arbitration Agreement contained provisions that favored Neiman Marcus, and that by submitting to the Arbitration Agreement, he would be losing certain rights. *Bayer Decl. ¶9; Ex. E to Bayer Decl., ¶¶1(d), 9(a), 9(c), 11, 12(a), 12(c), 12(e), 14, 15, 16, 18, 21.* | Disputed that the Arbitration Agreement contained provisions that unduly favored NMG or that the Arbitration Agreement would result in in the waiver of any rights under the ADA that were not subject to waiver. Bayer's subjective belief is not evidence and is not material. *Kern Decl. Ex. 4.*<br><br>**Objections**: Best evidence. The Arbitration Agreement speaks for itself. FRE 1002. Speculation and lack of foundation. FRE 602. Legal conclusion. FRE 701. |
| 23. Bayer believed that Neiman Marcus was trying to force him to decide between either agreeing to be bound by the Arbitration Agreement or losing his job at Neiman Marcus. *Bayer Decl. ¶15; Kern Depo. 17:19-18:4.* | Disputed. Bayer's subjective belief is not evidence and is not material. NMG does not dispute that it considered any employee who reported to work on or after July 15, 2007 to have accepted, and to be bound by, the Arbitration Agreement.<br><br>**Objections**: Best evidence. The Arbitration Agreement speaks for itself. FRE 1002. Speculation and lack of foundation. FRE 602. |
| 24. On approximately July 1, 2007, Bayer requested in writing to meet with Greg Carlson, a Neiman Marcus Human Resources manager, to discuss the Arbitration Agreement, but Mr. Carlson never held a meeting with Bayer to discuss the Arbitration Agreement. *Bayer Decl. ¶11; Ex. J to Bayer Decl.* | Disputed but not material. The meeting was initiated by Assistant Manager Liza Clay. Bayer made a request to Mr. Carlson on July 1, 2007 to bring a third party to the meeting. Undisputed that the meeting did not occur. *Bayer Decl. Ex. J; Kern Decl. ¶ 20.*<br><br>**Objection**: Best evidence. FRE 1002. |
| 25. By July 9, 2007, Bayer had retained an attorney to assist him in responding to Neiman Marcus's arbitration program. *Bayer Decl. ¶13.* | Undisputed. |
| 26. On July 9, 2007, Bayer filed a second charge against Neiman Marcus with the EEOC ("EEOC Charge #2"). *Bayer Decl. ¶13; Ex. K to Bayer Decl.* | Undisputed. |
| 27. During the first half of July 2007, Bayer informed Neiman Marcus that he would not sign the Acknowledgment Form and that he would not agree or consent to the Arbitration | Disputed as to the second sentence. Bayer's subjective belief is not evidence and is not material. NMG disputes that Bayer's alleged belief was reasonable given the unequivocal |

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| Agreement, and that he refused to be bound by it.  As a result of taking this position, Bayer believed that he would not be allowed to work at Neiman Marcus after July 14, 2007.<br>*Bayer Decl. ¶¶10, 13, 15; Ex. L to Bayer Decl.* | language of the Arbitration Agreement and accompanying documents and his own clear understanding of these documents.<br>*Pl.'s Statement of Facts ¶¶ 17-19; Bayer Decl. Exs. E-I; Bayer Depo. 55:13-56:1.*<br><br>**Objections**:  Best evidence.  The Arbitration Agreement speaks for itself.  FRE 1002.  Speculation and lack of foundation.  FRE 602. |
| 28. Bayer believed that, if he lost his job at Neiman Marcus, it would be difficult to find a new job in light of his medical condition, work restrictions and physical appearance.<br>*Bayer Decl. ¶¶4, 15.* | Disputed but not material.   NMG cannot independently verify Bayer's subjective belief but disputes that Bayer has any factual basis for the alleged belief.<br><br>**Objections:** Relevance.   FRE 401, 403.   Speculation and lack of foundation.  FRE 602, 701. |
| 29. Bayer showed up for work on July 15, 2007, and continued to work at Neiman Marcus until he was terminated in January 2009.<br>*Bayer Decl. ¶¶16, 18.* | Undisputed. |
| 30. On July 19, 2007 and on October 2, 2007, Bayer filed charges against Neiman Marcus with the National Labor Relations Board.<br>*Palefsky Decl. ¶3; Exs. A, B to Palefsky Decl.* | Undisputed that Bayer filed an unfair labor practice charge but disputed that Bayer's second filing was a separate charge rather than an amendment.<br>*Palefsky Decl. Exs. A, B.*<br><br>**Objections:** Relevance.  FRE 401, 403.  Best evidence.  FRE 1002. |
| 31. In October 2007, the EEOC issued Bayer a right-to-sue letter in connection with EEOC Charge #1.<br>*Ex. N to Bayer Decl.* | Undisputed. |
| 32. In January 2008, after receiving his right-to-sue letter for EEOC Charge #1, Bayer filed a civil lawsuit against Neiman Marcus in the Northern District of California for violation of the ADA, *Tayler Bayer v. Neiman Marcus Holdings, Inc.* Case No. C-08-0480-PJH ("Lawsuit #1").<br>*Bayer Decl. ¶17; Plaintiff's Request for Judicial Notice, Ex. 1.* | Undisputed. |
| 33. In January 2009, Neiman Marcus terminated Bayer's employment.  In response to Neiman Marcus's termination of his employment, Bayer | Disputed but not material.   Bayer's EEOC charge alleged only retaliation.<br>*Bayer Decl. Ex. O.* |

Case No.  3:13-CV-04487-MEJ

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| filed an EEOC charge for discrimination and retaliation in August 2009 ("EEOC Charge #3"). *Bayer Decl. ¶18; Ex. O to Bayer Decl.* | **Objection:** Best evidence.   FRE 1002. |
| 34. The EEOC issued a right-to-sue letter with respect to EEOC Charge #3 on April 28, 2011. *Ex. P to Bayer Decl.; Bayer Decl. ¶18.* | Undisputed. |
| 35. In July 2011, Bayer filed a civil lawsuit against Neiman Marcus in this Court for violation of the ADA, based on Neiman Marcus's termination of his employment: *Tayler Bayer v. Neiman Marcus Group, Inc.*, Case No. CV-11-3705-MEJ ("Lawsuit #3"). *Bayer Decl. ¶18; Plaintiff's Request for Judicial Notice, Ex. 4.* | Undisputed. |
| 36. After Bayer filed Lawsuit #3, Neiman Marcus filed a Motion to Compel Arbitration in September 2011, alleging that Bayer had "agreed" or "consented" to the Arbitration Agreement by continuing to work at Neiman Marcus after July 15, 2007. *Palefsky Decl. ¶7; Plaintiff's Request for Judicial Notice, Ex. 5.* | Undisputed. |
| 37. On November 8, 2011, this Court denied Neiman Marcus's Motion to Compel Arbitration in Lawsuit #3. *Palefsky Decl. ¶7; Plaintiff's Request for Judicial Notice, Ex. 6.* | Undisputed. |
| 38. On December 6, 2011, Neiman Marcus filed a Notice of Appeal of this Court's November 8, 2011 Order Denying Motion to Compel Arbitration in Lawsuit #3, thereby sending the matter to the Ninth Circuit Court of Appeals. *Palefsky Decl. ¶7; Plaintiff's Request for Judicial Notice, Ex. 7.* | Undisputed. |
| 39. On July 3, 2014, the Ninth Circuit Court of Appeals affirmed this Court's November 8, 2011 Order denying Neiman Marcus's Motion to Compel Arbitration. *Palefsky Decl. ¶7; Ex. E to Palefsky Decl.* | Undisputed. |
| 40. In connection with opposing Neiman Marcus's Motion to Compel Arbitration in Lawsuit #3 and Neiman Marcus's subsequent appeal to the Ninth Circuit, Bayer has incurred costs pursuant to his retainer agreement with his counsel. *Palefsky Decl. ¶7; Bayer Decl. ¶18.* | Disputed but not material, as such damages are not recoverable.   Bayer has produced no evidence of economic damages, as is his burden. *Bayer Depo. 114:21-115:5.*<br><br>**Objection:** Speculation and lack of foundation.  FRE 602, 701.  Failure to |

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| | disclose. FRCP 37(c). |
| 41. In July 2013, the EEOC issued Bayer a right-to-sue letter for EEOC Charge #2.<br>*Bayer Decl. ¶19; Ex. Q to Bayer Decl.; Palefsky Decl. ¶5.* | Undisputed. |
| 42. In September 2013, Bayer filed this civil action (*Tayler Bayer v. Neiman Marcus Holdings, Inc.*, Case No. 13-CV-4487-MEJ) ("Lawsuit #2").<br>*Bayer Decl. ¶19; Palefsky Decl. ¶5; Plaintiff's Request for Judicial Notice, Ex. 2.* | Undisputed. |
| 43. In connection with Lawsuit #2, Bayer has incurred costs pursuant to his retainer agreement with his counsel.<br>*Palefsky Decl. ¶5; Bayer Decl. ¶19.* | Disputed but not material, as such damages are not recoverable. Bayer has produced no evidence of economic damages, as is his burden. *Bayer Depo. 114:21-115:5.*<br><br>**Objection:** Speculation and lack of foundation. FRE 602, 701. Best evidence. FRE 1002. Failure to disclose. FRCP 37(c). |
| 44. Prior to July 15, 2014, two of Bayer's supervisors, Liza Clay and Lisa Lamb, told Bayer that if he did not sign the Acknowledgment Form by July 14, 2007, he could be terminated.<br>*Bayer Decl., ¶12; Bayer Depo, 56:8-58:21; 60:1-19; 65:5-22; 66:3-22; 81:13-19.* | Disputed but not material. Both Clay and Lamb emphatically dispute telling Bayer he could be terminated if he did not sign the Acknowledgement or that his last day could be July 14, 2007.<br>*Schatz Decl. Exhibit C, Lamb Depo. 16:22-17:5; Clay Decl. ¶¶ 9, 12; Hale Decl. ¶ 9; Lamb Decl. ¶ 8, 10.*<br><br>**Objection:** Hearsay. FRE 802. |
| 45. Prior to July 15, 2014, Ms. Clay and Ms. Lamb told Bayer that if he did not sign the Acknowledgment Form that he would be choosing not to be an employee of NMG and that his last day of employment would be July 14, 2007.<br>*Bayer Decl., ¶12; Bayer Depo, 56:8-58:21; 60:1-19; 65:5-22; 66:3-22; 81:13-19.* | Disputed but not material. Both Clay and Lamb emphatically dispute telling Bayer he could be terminated if he did not sign the Acknowledgement or that his last day could be July 14, 2007.<br>*Schatz Decl. Exhibit C, Lamb Depo. 16:22-17:5; Clay Decl. ¶¶ 9, 12; Hale Decl. ¶ 9; Lamb Decl. ¶ 8, 10.*<br><br>**Objection:** Hearsay. FRE 802. |
| 46. NMG communicated to Bayer that he could not remain employed with NMG after July 14, 2007 unless he consented to be bound by the Arbitration Agreement.<br>*Bayer Decl., ¶¶7, 8, 12; Exs. E—I to Bayer Decl. (Acknowledgment Form; Arb. Agreement, ¶¶ 1(a), 3, Cover; FAQ at 1, 3, 4; NMG 4-Step* | Disputed but not material. NMG does not dispute that it communicated to Bayer that it considered Bayer's continued employment to constitute his consent to be bound by the Arbitration Agreement. To the extent ¶ 46 is intended to convey a different meaning, it is disputed. |

Case No. 3:13-CV-04487-MEJ

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| *at 2—4); Bayer Depo, 56:8—58:21; 60:1—19; 65:5—22; 66:3—22; 81:13—19; Answer to Complaint, ¶ 16.* | *Kern Decl. Exs. 1-5; Deposition of Tayler Bayer ("Bayer Depo.") 55:13-56:1 (attached as Exhibit A to the Declaration of Katrin Schatz ("Schatz Decl.")).*<br><br>**Objection:** Hearsay.  FRE 802. |
| 47.  NMG's position was that, if Bayer did not want to be bound by the Arbitration Agreement, his only option was to quit his employment at NMG before July 15, 2007.<br>*Kern Depo, 6:19—8:9; 13:21-24; 17:19-18:4; 46:6-48:8; Exs. E—I to Bayer Decl. (Acknowledgment Form; Arb. Agreement, ¶¶1(a), 3, Cover; FAQ at 1, 3, 4; NMG 4-Step at 2—4).* | NMG's position was that any employee who became or continued to be employed on or after July 15, 2007 would be bound by the Arbitration Agreement.<br>*Kern Decl. Exs. 1-5.*<br><br>**Objection:** Best evidence.   FRE 1002.  The Arbitration Agreement speaks for itself. |
| 48.  NMG repeatedly pressured Bayer to sign the Acknowledgment Form prior to July 15, 2007, even after Bayer had informed NMG that he would not sign it and that he refused to consent or agree to the Arbitration Agreement.<br>*Bayer Decl., ¶¶10, 12, 14, 15; Ex. L to Bayer Decl; Bayer Decl., 56:8—58:21; 60:1—19; 65:5—22; 66:3—22; 79:6—81:4; 81:13—19; 82:11—21; 87:10—88:1.* | Disputed but not material.<br>*Lamb Decl. ¶ 10; Clay Decl. ¶¶ 6-10, 12; Hale Decl. ¶ 9*<br><br>**Objections:** Conclusory and Lack of foundation. FRE 602. Hearsay. FRE 802. |
| 49.  Prior to July 15, 2007, Bayer informed NMG both orally and in writing that he would not sign the Acknowledgment Form and that he would not agree or consent to the Arbitration Agreement, and that he refused to be bound by it.  After July 15, 2007, Bayer continued to inform NMG that he would not agree or consent to the Arbitration Agreement, and that he refused to be bound by it.<br>*Bayer Decl. ¶¶ 10, 13, 15, 16; Exs. L, M to Bayer Decl.* | Disputed to the extent Bayer claims to have informed NMG other than on the occasion he informed Clay he would not sign the Acknowledgment and in submitting Exhibits L and M to his declaration.   Dispute is not material.<br>*Lamb Decl. ¶ 10; Clay Decl. ¶¶ 9, 12; Kern Decl. ¶ 20.* |
| 50. Despite refusing to sign the Acknowledgment Form and despite informing NMG that he would not agree or consent to the Arbitration Agreement and that he refused to be bound by it, Bayer continued to be employed at NMG between July 15, 2007 and January 2009.<br>*Bayer Dec. ¶¶2, 10, 13, 15, 16; Exs. L, M to Bayer Decl.* | Undisputed. |
| 51. On November 8, 2011, this Court issued an Order Denying Defendant's Motion to Compel | Undisputed that the Court issued an order denying NMG's motion to compel arbitration on the basis that |

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLIES AND SUPPORTING EVIDENCE |
|---|---|
| Arbitration, in which the Court held that Bayer had not consented or agreed to be bound by the Arbitration Agreement, and so was not bound by the Arbitration Agreement, even though Bayer had continued working at NMG after July 15, 2007.  On July 3, 2014, the Ninth Circuit Court of Appeals affirmed this Court's November 8, 2011 Order, and also ruled that Bayer had not consented or agreed to be bound by the Arbitration Agreement, even though Bayer had continued working at NMB after July 15, 2007.<br>*Palefsky Decl. ¶7; Ex. E to Palefsky Decl; Request for Judicial Notice, Ex. 6.* | Bayer had not consented to the Arbitration Agreement.  The order speaks for itself.  Undisputed that the Ninth Circuit affirmed the order.  The Ninth Circuit's opinion speaks for itself.<br><br>**Objection:**  Best  evidence.   FRE 1002. |
| 52. Bayer suffered emotional distress as a result of NMG's efforts in June and July 2007 to require Bayer to consent to its Arbitration Agreement as a condition of continued employment.  Bayer felt stress, suffered periods of sleeplessness and anxiety, and sought medical attention for his condition.  Shortly after June 20, 2007 Bayer's doctor prescribed a medication for his stress, which Bayer paid for and took for several months.<br>*Bayer Decl., ¶ ¶  9, 15;*<br>*Bayer  Depo,  87:10—89:8;   115:13—116:15; 117:20—120:5.* | Disputed that Bayer suffered alleged stress, sleeplessness or anxiety as a result of NMG's implementation of the Arbitration Agreement.  Dispute is not material, as such damages are not recoverable in this action.<br><br>**Objection:**  Speculation and lack of foundation.   FRE 602, 701.   Best evidence. FRE 1002. |
| 53.  In connection with both Lawsuit #2 and Lawsuit #3, Plaintiff has incurred litigation costs.  Pursuant to his contingency fee retainer agreements with his counsel, Bayer is responsible for the payment of these costs, although Bayer's counsel has not yet sent him bills for the costs that Bayer has incurred.<br>*Palefsky Dec., ¶¶5, 7; Bayer Decl., ¶¶18, 19.* | Disputed but not material, as such damages are not recoverable.  Bayer has  produced  no  evidence  of economic damages, as is his burden. *Bayer Depo. 114:21-115:5.*<br><br>**Objection:**  Speculation and lack of foundation.   FRE 602, 701.   Best evidence. FRE 1002.   Failure to disclose. FRCP 37(c). |

## OTHER OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Bayer's summary judgment evidence includes substantial testimony and documents not referenced in Bayer's Statement of Additional Facts.  Although Bayer has effectively waived the materiality of such evidence, out of an abundance of caution, NMG objects to portions of such

evidence on the following grounds:

1.  NMG objects to paragraph 4 of the Declaration of Tayler Bayer (Dkt # 36-1) on the basis that it fails to accurately summarize the contents of Exhibit A attached to the Declaration.  Exhibit A does not state that Bayer was diagnosed with emphysema and speaks for itself. FRE 701, 1002.

2.  NMG objects to paragraph 9 of the Declaration of Tayler Bayer on the basis that the opinions expressed therein lack foundation, are speculative and are not admissible as lay witness opinions.  FRE 602, 701.

3.  NMG objects to paragraph 11 of the Declaration of Tayler Bayer on the basis that it fails to accurately summarize the contents of Exhibit J attached to the Declaration.  Exhibt J speaks for itself.  FRE 1002.

4.  NMG objects to paragraph 12 of the Declaration of Tayler Bayer because it contains inadmissible hearsay.  FRE 802.

5.  NMG objects to paragraph 13 of the Declaration of Tayler Bayer on the basis that its references to "pressure" by NMG and alleged efforts to "force" Bayer to submit to the agreement are argumentative and conclusory and lack foundation.  FRE 602, 701.  NMG further objects to Exhibit L to the Declaration on the grounds that the opinions expressed therein are conclusory, lack foundation and are not admissible as lay witness opinions. FRE 602, 701.

6.  NMG objects to paragraph 14 of the Declaration of Tayler Bayer on the basis that the reference to "pressure" by NMG is argumentative, conclusory and lacks foundation. FRE 602, 701.

7.  NMG objects to the first two sentences of paragraph 15 of the Declaration of Tayler Bayer on the basis that they are argumentative, conclusory and lack foundation. FRE 602, 701.  NMG objects to the assertion in the third sentence that Bayer was suffering from a disability on the grounds that it is conclusory and without foundation. FRE 602, 701.  NMG objects to the fourth, fifth and seventh sentences of paragraph 15 on the basis that they are speculative and lack foundation. FRE 602, 701.

8.  NMG objects to the first sentence of paragraph 16 of the Declaration of Tayler Bayer on the basis that it lacks foundation and rests on speculation. FRE 602, 701.  NMG objects to Exhibit M to the Declaration on the grounds that the opinions expressed therein are conclusory, lack foundation and are not admissible as lay witness opinions.  FRE 602, 701.

9.  NMG objects to paragraph 4 of the Declaration of Bernadette Tanguilig (Dkt # 36-2) on the basis that the opinions expressed therein are conclusory, lack foundation and are not admissible as lay witness opinions.  FRE 602, 701.  NMG also objects to Exhibit C to Tanguilig's Declaration for the same reasons and because it contains inadmissible hearsay regarding alleged statements by the company. FRE 602, 701, 802.

Case No.  3:13-CV-04487-MEJ
**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

2

    10.  NMG objects to the second sentence of paragraph 2 of the Declaration of Cliff Palefsky (Dkt # 36-3) on the basis that it is argumentative, conclusory and lacks foundation.  Bayer's second EEOC charge speaks for itself.  FRE 602, 1002.

3

4

5

    11.  NMG objects to paragraph 3 of the Declaration of Cliff Palefsky and the attached Exhibits A, B and C on the basis of relevance.  FRE 401, 403.  NMG further objects to the fifth sentence of paragraph 3 on the basis that it misstates the substance of Exhibit C, which speaks for itself.  FRE 1002.

6

7

8

9

10

11

    12.  NMG objects to the first sentence of paragraph 5 of the Declaration of Cliff Palefsky because it lacks foundation and Mr. Palefsky lacks personal knowledge as to when or how long the EEOC investigated.  FRE 602.  NMG objects to the second sentence of paragraph 5 on the ground that it misstates the substance of Exhibit D to the Declaration, which speaks for itself.  FRE 1002.  NMG further objects to Exhibit D on the basis of relevance and on the ground that it sets forth a legal conclusion without providing any foundation or rationale.  FRE 401, 403, 602, 702.  NMG objects to the last sentence of paragraph 5 on the basis that it lacks foundation in that the alleged contingency fee retainer agreement has not been produced and the alleged litigation costs are speculative and have not been demonstrated.  FRE 602, 1002.

12

13

14

15

16

    13.  NMG objects to the first sentence of paragraph 7 of the Declaration of Cliff Palefsky on the basis that it misstates the arguments set forth in NMG's motion to compel arbitration, which motion speaks for itself.  FRE 1002.  NMG objects to the second sentence of paragraph 7 on the basis that the Court's order speaks for itself.  FRE 1002.  NMG objects to the last sentence of paragraph 7 on the basis that it lacks foundation in that the alleged contingency fee retainer agreement has not been produced and the alleged litigation costs are speculative and have not been demonstrated. FRE 602, 1002.

17

18

19

    14.  NMG objects to the entirety of paragraph 8 of the Declaration of Cliff Palefsky on the basis of relevance.  FRE 401, 403.  NMG additionally objects to the third sentence of paragraph 8 of the Declaration of Cliff Palefksy because it lacks foundation and misstates the substance of Exhibit F to the Declaration, which document speaks for itself.  FRE 1002.

20

21

22

23

    15.  NMG objects to the third, fourth and fifth sentences in paragraph 9 of the Declaration of Cliff Palefsky on the grounds that they are irrelevant, that Nina Kern's deposition testimony speaks for itself, and that the reasons for NMG's objections to the first subject of Plaintiff's corporate representative deposition notice are set forth in Exhibit I to the Declaration, which exhibit speaks for itself.  FRE 401, 403, 1002.

24

Dated:  August 14, 2014

JACKSON LEWIS P.C.

25

26

27

By:   /s/ Mitchell F. Boomer
        Dan Hartfield
        Mitchell F. Boomer
        Katrin U. Schatz
        Rebecca Benhuri

28

COUNSEL FOR DEFENDANT

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS**
**IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  3:13-CV-04487-MEJ

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.  3:13-CV-04487-MEJ

**DEFENDANT'S REPLY STATEMENT OF FACTS AND OBJECTIONS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**