UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAYLER BAYER,

        Plaintiff,

     v.

NEIMAN MARCUS GROUP, INC.,

        Defendant.

Case No. 13-cv-04487-MEJ

**ORDER RE: EFFECT OF NINTH CIRCUIT DECISION**

Re: Dkt. No. 69

This Court granted summary judgment to Neiman Marcus on mootness grounds after the Ninth Circuit held, in a separate case, that the arbitration agreement at issue in this matter was not binding on Plaintiff Tayler Bayer. *See* MSJ Order, Dkt. No. 45. On appeal, the Ninth Circuit upheld this Court's conclusions that Bayer's claims for injunctive relief, compensatory damages, and declaratory relief were moot; however, it reversed this Court's conclusion that Bayer's claim for nominal damages was also moot. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853 (9th Cir. 2017). The Ninth Circuit concluded:

> There can be no question that complete justice required a different result, as dismissing an action in which an employee alleges an employer violated the ADA by imposing a mandatory arbitration agreement merely because he or she successfully resisted the employer's attempt to enforce that agreement could only compound whatever dignitary harm the employee suffered due to the employer's alleged unlawful conduct. For this court to adopt a per se limitation on the equitable powers granted to district courts by the ADA under these circumstances would be manifestly inconsistent with the historic purpose of equity to secure complete justice. We therefore conclude § 12203 authorizes courts to award nominal damages as equitable relief when complete justice requires.

*Id.* at 874 (internal citation omitted). The Ninth Circuit reversed this Court's order finding the action moot and granting summary judgment to Neiman Marcus and remanded for further

1    proceedings. *Id.* at 874-75.

2    Upon remand, the Court held a case management conference.  The parties expressed

3    differing views regarding the scope of the Ninth Circuit's remand.  *See* CMC Minutes, Dkt. No.

4    62.  The Court ordered them to attend a settlement conference (*id.*), and when the matter did not

5    settle, ordered the parties to submit briefs regarding the scope of remand (Dkt. No. 8).  The issue

6    was fully briefed.  *See* Op. Br., Dkt. No. 69; Opp'n, Dkt. No. 70; Reply, Dkt. No. 71.

7    Neiman Marcus argues the Ninth Circuit's decision forecloses an entry of judgment in

8    Bayer's favor.  *See* Op. Br. at 4-5 ("Plaintiff now seeks a judgment from this Court that the

9    presentation of the arbitration agreement violated his ADA rights . . . . This is the same request

10   considered and rejected by the Ninth Circuit."); Reply at 1-2 ("The Ninth Circuit's decision does

11   not provide for Plaintiff's requested judgment, and in-fact forbids it.").  Neiman Marcus focuses

12   on language that appears in the section analyzing the mootness of Bayer's request for "a

13   declaration that Neiman Marcus violated § 12203(b) by insisting that he choose between his job

14   and the exercise of his ADA rights."  861 F.3d at 867.  The Ninth Circuit concluded the

15   declaratory judgment Bayer sought would "merely adjudicat[e] past violations of federal law—as

16   opposed to continuing or future violations of federal law—[and was] not an appropriate exercise

17   of federal jurisdiction."  *Id.* at 868.  Bayer had not presented a "case or controversy" because there

18   was no basis to conclude declaratory relief might affect Neiman Marcus' behavior towards him.

19   *Id.*; *see also* MSJ Order at 12-13 (request for declaratory relief did not present a live case or

20   controversy under Article III because there was no likelihood Bayer would again be placed in the

21   position he argued violated the ADA).  The Ninth Circuit's conclusion was based on the nature of

22   the relief being discussed—declaratory relief.  It did not extend more generally to "judgment" on

23   Plaintiff's ADA claim, if any relief was available.

24   The Ninth Circuit concluded relief in fact was available, but only in the form of nominal

25   damages.  Such damages served two purposes: (1) "to vindicate rights, the infringement of which,

26   had not caused actual, provable injury"; and (2) "to clarify the identity of the prevailing party for

27   the purposes of awarding attorney's fees and costs in the appropriate cases."  *Id.* at 872 (internal

28   quotation marks and citations omitted).  As "[i]t is the historic purpose of equity to secure

complete justice[,]" the Ninth Circuit opined that "nominal damages seem particularly well suited to securing 'complete justice'" in this case. *Id.* at 873-74 ("The unique circumstances of this case illustrate that complete justice may require a district court to award nominal damages as equitable relief."); *id.* at 874 ("[T]he district court ruled that this action was moot and ordered Bayer to pay Neiman Marcus's costs. There can be no question that complete justice required a different result[.]").

The Ninth Circuit concluded Bayer's claim that Neiman Marcus interfered with his rights under the ADA was not moot—because Bayer could obtain nominal damages for the interference. *Id.* at 874-75. The Court concludes that the Ninth Circuit's reversal and remand "for further proceedings" for the purposes of achieving "complete justice" requires it to evaluate Bayer's arguments that Neiman Marcus violated his rights under the ADA. The Court will make this determination based on the parties' existing Summary Judgment briefing (Dkt. Nos. 34-36, 38-42). Should Bayer prevail on summary judgment, he will be entitled to a judgment awarding him nominal damages, and may apply for attorneys' fees. The Court will not, at this juncture, determine the amount of any such fees.

The Court encourages the parties to meet and confer and attempt to submit a joint statement of undisputed facts and to resolve their evidentiary disputes. No later than two weeks from the date of this Order, the parties shall submit chambers' copies of their prior briefing (they need not submit copies of documents or exhibits that do not pertain to the remaining issue), and any stipulation regarding undisputed facts or evidentiary disputes.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge