# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLER BAYER,<br><br>    Plaintiff,<br><br>v.<br><br>NEIMAN MARCUS GROUP, INC.,<br><br>    Defendant. | Case No. 13-cv-04487-MEJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 86)**<br><br>**ORDER SCHEDULING CMC** |

    Plaintiff Tayler Bayer, a former employee of Defendant Neiman Marcus Group, Inc., moves the Court for reconsideration of its May 30, 2018 order denying the parties' cross-motions for summary judgment. Dkt. No. 86 (Motion ); Dkt. No. 80 (Order). Defendant filed an Opposition (Dkt. No. 91) and Bayer filed a Reply (Dkt. No. 92). Having reviewed the parties' positions and relevant legal authority, the Court finds this matter suitable for disposition without oral argument and therefore VACATES the August 16, 2018 hearing. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

    Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3). "[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000)). "Thus, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Civ. L.R. 7-9(c) (The moving party may not reargue any written or oral argument previously asserted to the Court.).

Bayer seeks reconsideration on two independent grounds. First, Bayer argues he "demonstrates based on undisputed facts that NMG unlawfully interfered with his ADA-protected rights in violation of Section 503(b) under the legal standard recently adopted by the Court." Mot. at 1. He maintains that "[b]ecause the Court's new standard rests upon a construction of Section 503(b) that neither party had proposed, Bayer has not yet had an opportunity to show why the facts establish a violation under that standard." *Id.* However, Bayer presents no new facts that were unavailable to the Court at the time it made its decision, and the Court considered the record as a whole in making its ruling. The Court still finds triable issues of fact remain.

Bayer's second argument is that the Court used an incorrect legal standard under Section 503(b). However, Bayer makes the same arguments against the nexus requirement in his motion for reconsideration that were made in his supplemental brief in support of his motion for summary judgment. "A motion for reconsideration is not a vehicle to re-assert arguments already considered and rejected in an earlier order." *Stromberg v. Ocwen Loan Servicing, LLC*, 2017 WL 3727233, at *2 (N.D. Cal. Aug. 30, 2017) (citing Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.")).

Bayer's motion for reconsideration is therefore **DENIED**.

The Court shall conduct a Case Management Conference on August 16, 2018 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by <u>lead</u> trial counsel. The parties shall file a Joint Case Management Statement by August 9, 2018, containing the information in the Standing Order for All Judges in

2

the Northern District of California, available at: http://cand.uscourts.gov/mejorders.  As part of their statement, the parties shall indicate whether they wish to attend a further settlement conference with Magistrate Judge Westmore or another magistrate judge.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.  If the statement is e-filed, no chambers copy is required.

**IT IS SO ORDERED.**

Dated:  July 30, 2018

MARIA-ELENA JAMES
United States Magistrate Judge